Judge Graham
delivered the opinion of the Court.
This is an action of covenant upon a bond executed John Mark, to Eliza Ann Bradley, now Mrs. Clark, in which “for and in considerationmf the natural love and affection” which he bears to his niece, he bound himself to pay her one thousand dollars in three annual instalments, and that he should lay out said sum in negroes, &c. After a demurrer to the declaration had been (as we believe,) properly overruled, the defendant plead that the covenant declared upon, was executed without any good or valuable consideration in law. To this the plaintiffs replied setting forth a.particular agreement among the heirs of Robert Mark, ^deceased, (of whom the defendant is one,) which constituted a consideration in addition to that of love and affection. We gather from the evidence in -the case, the following facts: Robert Marks had died, leaving a considerable estate, and several heirs. The plaintiff Eliza Ann, was the only child of Mrs. Bradley, deceased, who was a daughter of said Robert Marks, who in his lifetime had made advancements of unequal value to some, perhaps all of his children. Mrs. Northcut and Mrs. Bradley had each received much less than the others. Creason, (the husband of one of the heirs,) Wm. P. Mark, John Mark, (the defendant,) Eliza Ann, (the plaintiff,) and other persons met on a particular occasion. The witnesses say, that the object of their coming together was to see what said Creason and William P. Mark would contribute to Mrs. Northcut. After consultation, it was agreed that Creason and William P. Mark should each give to Mrs. Northcut the sum of $1500. 'They accordingly executed their bond to pay that sum to *45 lier, and it has since been paid. About t-he time the lawyer had written that bond, or perhaps immediately after it was executed, enquiry was made of John Mark, what he was willing to do for Ann Eliza, and his response was, that he would give her $1000. Thereupon the bond now in suit, was written by the same lawyer, and was executed by said John Mark. •
Instructions given for plaintiff
Defendant’s instruction refused.
Motion for new trial overruled.
1 The court, at the instance of the plaintiffs, instructed the jury, “ that if they found the bond was executed by reason of the proximity of blood, and to equalize the distribution among the heirs and distributees, they would find for the plaintiffs; otherwise they would fiud for defendant.”
The defendant then asked the Court to instruct the jury “that the relation of uncle and niece was not such a consideration as would entitle the plaintiffs to recover, and that if the jury did not believe from the evidence that Creason, Wm. P. Mark, and the defendant, mutually agreed and promised each other that Creason and Wm. P. Mark should give to Mrs. Northcut the $3000, and the defendant should give to the female plaintiff the $1000, they must find for the defendant.” The Court refused to give this instruction. The state of case put in this instruction is in substance that set forth in the plaintiffs’ replication as constituting a consideration to uphold the bond, in addition to that of love and affection.
The jury found a verdict for the plaintiffs, and the ■Court having overruled a motion for a new trial, the ■defendant has by appeal brought the case to this Court for revision.
It is objected that the remedy of the plaintiffs if any they have, is exclusively in equity. We do not concur with the counsel. The bond did not create a trust, but is a mere legal obligation on the part of the defendant. It is next objected that the proof did not, as to the consideration of the bond, correspond with the consideration set up in the replication.
It was not at all necessary that the plaintiffs should have set forth in their replication specially and particularly the *46 consideration. It was sufficient for them to have replied that the bond was not executed without any good or valuable consideration. The issue would then have been complete.. The statement in relation to” the agreement among the heirs of Mark, might have been entirely stricken out, without at all affecting the plaintiffs’ right of action. It was therefore, not necessary to prove it. This case turns, as we suppose, upon two questions. Does the proof establish - a consideration sufficient to make the bond obligatory on the defendant? Did the Court err in refusing the instruction asked for by defendant? We will examine the latter proposition before we dispose of the first.
To a plea ayerring that a bond was executed without consideration, it is sufficient to deny the fact averred in the plea; any further avermen t of fact need not be proved — it is but surplusage.
The relationship of parent and child has been held a sufficient consideration to uphold a bond from the former to the latter, but that of uncle and niece, or nephew, has not — unless under circumstances such as existed in the case of Graves vs Graves: (7 B. Monroe, 213.
The opinion delivered by this Court in the case of Graves vs Graves, (7 B. Monroe, 213,) has been cited in argument. In that case it was conceded that the fraternal relation, and the love and affection properly belonging to it would not alone be sufficient against the plea of no consideration, and the promise in writing wasj in that case, held to be enforcible at law, because the brothers and sisters of the plaintiff, had from affection, and a sense of justice or feeling of compassion, agreed to contribute equally to the satisfaction of his claim upon their affection, justice, or charity, and all of the brothers except the defendant had actually contributed as they had agreed to do. The mutual promise of each, and the fulfilment of that promise by the most of them, was held to constitute a sufficient and valuable consideration for the promise of the defendant.
It is not settled in that case, or in any other of which we have any knowledge, either that the affection of an uncle for his neice, or an agreement by one heir under no legal obligations whatever to his co-heir, to make that co-heir equal to the advancements made to himself or to others, does form such a consideration as will make enforcible a note or bond, to pay a s,um of money for that purpose. It seems to us that such is not the law. The affection of a father to his son or daughter has been held to be sufficient, but when the relationship is extended to that of uncle and nephew or niece, we deem *47 it insufficient. Nor can we say that mere sympathy or compassion, or a desire to produce equality between two persons, can of itself make such bond binding on the party executing it. It is so far, a mere voluntary and gratuitous undertaking, and though in writing, can not be enforced. But when, (as in the case of Graves,) the conduct and agreement of one, induces others similarly situated with himself to pay their money or advance of their means for the laudable purpose of producing equality among brothers and sisters, or co-heirs, this fact, does, in connection with that of love and affection, create such consideration as will authorize a Court of law to compel the obligor to perform his contract. The instruction which the defendant asked the Court to give to the jury, was substantially in accordance with this opinion, and ought to have been given to the jury. Because of the error in refusing that instruction, the judgment must be reversed. As upon another trial the evidence may be to some extent changed from that now before us, we deem it unnecessary, and perhaps it would be improper, to comment on the effect which should have been given to it, or the inferences which the jury might be permitted to draw from it.
Daniel for appellant; Apperson, Moore, and Farrow for appellee.
For the error in refusing the instruction asked for by defendant, the judgment of the Circuit Court is reversed, and the case is remanded with directions to that Court to set aside the verdict and judgment, and grant to the defendant a new trial, and for other proceedings not inconsistent with this opinion.