CHIEF JUSTICE PETERS
delivered the opinion oe the court.
Joseph Shawhan, a citizen of Harrison County, died intestate in 1871, and this suit was brought by some of his heirs against the other heirs for partition and distribution of his very large estate.
At the death of intestate he left three children surviving him; and three children having died before him, they left children. His surviving children and grandchildren were his heirs. Appellant is the only child and heir of William. Shawhan, who was a son of Joseph Shawhan, deceased, and who had died before his father.
The case having been referred to the master to adjust the accounts and ascertain and report the advancements made by said intestate, he stated an account of advancements to each child and to the grandchildren. In his report the master charged William Shawhan, deceased, with cash or personalty $282.50, and rent of farm for five years at $450 per annum, making for the five years the sum of $2,250, aggregating $2,532.50.
To the master’s report appellant excepted. His exceptions were overruled, and the amount named was charged against him; and of that he complains. His counsel insists that as the intestate kept a book in which he charged advancements made by him to his children, and his son William was not charged in said book for the rent of the farm occupied by him, and as intestate had charged some of his children in said book with rents, that these facts show conclusively either that the farm was rented to William Shawhan and he paid the rent to his father in his life-time, or that his father never intended to charge him with the rent as an advancement, and the same can not be a charge against appellant. There is no evidence of a contract of rent between the parties, and while *602 appellant’s mother proves there were frequent -settlements between them, perhaps every year after the marriage of William, she does not prove that there was a contract for rent or that any rent was paid.
Lavinia H. Young proves that the father and son had a settlement in January, 1850, and William paid to his father some money; but she did not know how much, and did not know what items were embraced in that settlement; and she said Henry E. Shawhan was present. Henry E. Shawhan’s deposition was taken, and he proves that he knew nothing of any rent being paid by either William Shawhan, deceased, or Josh. Lail. The evidence therefore, in our opinion, fails to make out a case of renting; and whether the occupation of intestate’s land by appellant’s father must be treated as an advancement must be determined by statutory law in force at-the death of intestate.
Section 17, chapter 30,1 Revised Statutes, page 42, provides that any real or personal property or money given or devised by a parent or a grandparent to a descendant shall be charged to the descendant, or those claiming through him in the division and distribution of the undevised estate of the parent or grandparent, and such party shall receive nothing further therefrom until the other descendants are made proportionately equal with him according to his descendible and distributable share of the whole estate, real and personal, devised and undevised. In construing this statute this court held, in Clarke v. Clarke (17 B. Mon. 707), the parent or grandparent can not by a mere declaration of his intention either make that an advancement which is not such by law, or exempt one of his children from liability to account for money or property he has given to him with which the statute makes him chargeable. This he can only effect by a last will and testament, duly executed, disposing of the whole of his estate, real and personal.
*603 In the later case of Cleaver and wife v. Kirk’s heirs (3 Met. 270) it appeared that James Kirk, the father of Mrs. Cleaver, kept a book in which he charged his children with advancements made to them, and in that there was no charge against Mrs. Cleaver and her husband for the land he had given them; and they proved that James Kirk had said repeatedly that he did not intend to charge them with the land he had given them. The facts of that case are as strong in favor of the party resisting the charge as those in the case under consideration, and still by force of the statute supra Cleaver and wife were made to account for the value of the land at the time they received it.
To permit appellant to escape from accounting for the use of the land occupied by his father, through whom he claims, and to claim an equal share of the estate of his grandfather because the rent was not charged on the book of advancements, would be to defeat that equality designed to be effected by the statute, and be a violation of the spirit and meaning of the statute on wills.
The judgment must be affirmed.