CASE 80.—ACTION BY JOHN P. SULLIVAN AND OTHERS AGAINST THOMAS E. SULLIVAN AND OTHERS FOR THE SETTLEMENT OF A DECEDENTS ESTATE.—May 1.

## Sullivan, &c., v. Sullivan, &c.

Appeal from Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

From a judgment for defendant, plaintiff appeals. Reversed.

1. Evidence—Admission Against Interest—Admissibility—Where there was no consideration for a note executed by a mother to a son, except services rendered and to be rendered by the son, evidence of the son's statement, made to an arbitrator appointed in proceedings to determine the validity of the note, that he was not entitled to retain it because he

had not done what he agreed to do as the consideration thereof, was admissible as an admission against interest.

2. Bills and Notes—Failure of Consideration—Defense Pro Tanto —Where there was no consideration for a note given by a mother to a son, except services rendered and to be rendered by the son, and he failed to render the services contracted for, his recovery was limited to the fair value of the services actually rendered, the amount thereof to be in the same proportion to the amount of the note as the services which he rendered bore to the full amount of the services he agreed to render.

3. Descent and Distribution—Advancements—Intent—A person may by will regulate the matter of advancements between his children, whether the advancements have in fact been made or not; but where a person dies intestate the question of advancements is regulated by Ky. Stats., 1903, section 1407, and tne declaration of intention of the intestate cannot control.

4. Bills and Notes—Consideration—Sufficiency—A mother executed an instrument reciting: "For value received I this day promise to pay my son x x x $500, to be paid out of my estate before it is divided among my other children. This note is not to bear interest until my death." The son had not received $500 less than the other children, and there was no consideration for the note. Held, that the note was invalid for want of a valuable consideration.

S. M. PAYTON, attorney for appellant.

1. The contention of the appellant is, that a note by a parent to child as a gift payable after the death of the donor is revoked by the death of the donor.

2. That love and affection are not a sufficient consideration to uphold a note or check.

3. The law prescribes rules for the descent and distribution of property, and its disposition by will, but for wise reasons inhibits and condemns the kind of disposition sought to be availed of in this case.

### AUTHORITIES CITED.

A. & E. Ency. of Law, vol. 14, p. 1016 (second Ed.); Holley v. Adams, 42 Am. Decisions, 508; Harris v. Clark, 51, Am. Dec.,

532; Flint v. Pratt, 66 Am. Dec., 742; Parish v. Stone, 25 Am. Dec., 378; Fink v. Cox, 9 Am. Dec., 191.

SPRIGG & HOLBERT for appellees.

### CLASSIFICATION.

1. A promissory note made payable at death is valid. (Carnwright v. Gray, 24 Am. State Repts., 424; Price v. Jones, 55 Am. Repts., 230; Tiedman on Commercial Paper, sec. 25; Williams on Executors, vol. 2, star, p. 1506.)

2. There was sufficient consideration to support the notes. (Price v. Jones, 55 Am. Repts., 232; Graves v. Graves, 7 B. Mon., 213; Fain, &c., v. Turner's Adm'r, 95 Ky., 637; Reynolds' Adm'r v. Reynolds, 92 Ky., 560.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Mary F. Sullivan died a resident of Hardin county leaving surviving her ten children, and this suit was brought by her administrator for the settlement of her estate. The only question arising upon the appeal is as to the validity of three notes executed by her to three of her younger children, Thomas D. Sullivan, Samuel I. Sullivan and Katie M. Pierce. These notes are as follows:

"For value received I promise to pay Thomas D. Sullivan five hundred ($500) dollars due twelve months after date, but if same is not paid by me no interest is to be collected until after my death. This is not an advancement made by me but money due my son for services and kindness rendered me by him. This September 25, 1896.

                                "Mary F. Sullivan."

"For value received of him I this day promise to pay my son Samuel I. Sullivan five hundred ($500) dollars to be paid him out of my estate before it is divided among my other children. This note is not

to bear interest until my death. December 20, 1901.

"Mary F. Sullivan."

"For value received I this day promise to pay to my daughter Katie M. Pierce five hundred ($500) dollars to be paid her out of my estate before it is divided among the other children. This note is not to bear interest until my death. August 28, 1902.

"Mary F. Sullivan."

The proof shows that Thomas D. Sullivan was a bachelor, living with his mother when the note to him was executed, and cropping the farm on which he lived as her tenant. She made an arrangement with him by which he was to stay with her and take care of her as long as she lived, and in consideration of his promise to do this she executed the note to him. Shortly after the execution of the note, however, he married. His wife and his mother did not get along together, and about the year 1898 he left her. They then had some disagreement as to whether he should give up the note, and had, or tried to have an arbitration about it; but he did not give it up. Afterwards the mother executed to Samuel I. Sullivan and Katie M. Pierce the other two notes as advancements. These notes the old lady declared were executed because they had received this much less than the other children and she wished them made up equal. The Circuit Court enforced the notes, and the administrator of the estate appeals.

The administrator introduced Joel Jackson and proposed to prove by him that he was one of the arbitrators selected by Mrs. Sullivan and her son Thomas, and that Thomas D. Sullivan told him then that he held the $500 note, but was not entitled to retain it, because he had not done what he agreed

to do as the consideration of the note, which was that he was to live with his mother and support her during the remainder of her life. This evidence should have been admitted. While a proposition of compromise passing between the parties themselves may not be proved statements that either of the parties may make to an ,arbitrator may be given in evidence just as any other admission against interest may be. There was no consideration for this note, except the services of Thomas D. Sullivan, and in lieu of the instructions which the court gave he should have instructed the jury to whom the case was submitted for trial that if they believed from the evidence the note was given in consideration of services rendered or to be rendered by Thomas D. Sullivan, and he failed to carry out the contract and render the services contracted for, they should find for him the fair value of the services actually rendered, the amount so found to be in the same proportion to the full amount of the note as the services which he rendered bore to the full amount of the services he agreed to render under the contract with his mother.

As to the other two notes a different question is presented. The proof taken on the trial is not sufficient to show that Samuel I. Sullivan or Katie M. Pierce in fact received $500 less than the other children. In that event the notes would not be material. The notes executed to them are on their face testamentary dispositions of the estate. The language of both notes is the same, and while each contains a promise to pay they both provide that the $500 is to be paid out of the estate before it is divided among the other children and is not to bear interest until her death. A testamentary disposition

of the estate can only be made by will executed as provided by the statute and regularly admitted to probate. These papers are not so executed that they may be probated as a will under the statute. A person may by will dispose of his estate, and thus regulate the matter of advancements between the children, whether the advancements have in fact been made or not. But, if a person dies intestate, then the question of advancement is regulated by the statute (Ky. Stats. 1903, section 1407), and the declaration or intention of the parent cannot control the fact. Shawhan v. Shawhan's Adm'r, 10 Bush, 600. In Chitty on Conracts, p. 27, after a quotation from Blackstone as to what is a sufficient consideration for a deed, it is added: "We must observe, however, that the term 'good consideration,' as thus used in the case of deeds, does not apply to simple contracts, to support which mere relationship or natural love and affection is not a sufficient consideration." In 1 Daniel on Negotiable Instruments, section 179, the rule is thus stated:

"A valuable consideration is necessary to support any contract, and the rule makes no exception as to the character of the consideration respecting negotiable instruments when the consideration is open to inquiry. Therefore a consideration founded on mere love and affection, or gratitude, is not sufficient to sustain a suit on a bill or note; as, for instance, when a bill or note is accepted or made by a parent in favor of a child, or vice versa, it could not be enforced between the original parties, the engagement being gratuitous upon what is called a good, in contradiction to a valuable, consideration." In Edwards on Bills, Notes and Negotiable Instruments, section 456, it is

said: "The consideration of blood, or natural love and affection, is sufficient in a deed, against all persons but creditors and bona fide purchasers; and yet there is no case where a personal action has been founded on an executory contract, where a consideration was necessary, in which the consideration of blood, or natural love and affection, has been held sufficient." See, to same effect, Story on Promissory Notes, section 183; Richardson v. Richardson, 148 Ill., 563, 36 N. E., 608, 26 L. R. A., 305; Phelps v. Phelps, 28 Barb. (N. Y) 121; Holley v. Adams, 42 Am. Dec., 508; Flint v. Pattee, 66 Am. Dec., 742; Parish v. Stone, 25 Am. Dec., 378; Fink v. Cox, 9 Am. Dec., 191.

None of the Kentucky cases relied on are in point. It is true a note may be made payable at death, but it must be upon a valid consideration. A note may be delivered as a gift causa mortis, but these notes were not so delivered. In Reynolds' Adm'r v. Reynolds, 92 Ky., 556, 13 Ky. Law Rep., 793, 18 S. W., 517, the money belonged to the mother, and was in effect borrowed by the father, who executed his note to the daughter for it. The consideration there for the note was the money which belonged to the mother, and which the father retained upon his promise to pay it to the daughter. In Fain v. Turner's Adm'r, 96 Ky., 634, 16 Ky. Law Rep., 719, 29 S. W., 628, the note of the mother was based upon the consideration that the child forbore to bring a suit and thus lost a right of action which she had. In Graves v. Graves, 7 B. Mon., 213, the promise of each of the children was a sufficient consideration to support the promise of the other. The case of Jennings v. Anderson, 4 T. B. Mon., 445, rests upon the idea that the instru-

ment was an acknowledgment of a marriage portion. In Mark v. Clark, 11 B. Mon., 44, the instrument sued on was not held enforceable. To uphold notes such as these would be to establish a very dangerous doctrine, and those who have access to the old would be given a great advantage over their brothers and sisters who are at a distance. All the salutary checks which the law has thrown around the disposition of property by will would be dispensed with; for no attesting witness is necessary to a note, and it may be obtained when no one is present to testify to the circumstances of its execution. Many old people may be induced to give a note payable out of their estate at their death, when they would not make a gift of the money if they had it, and would be unwilling to make a will so devising their estates. We therefore conclude that the two notes to Samuel I. Sullivan and Katie M. Pierce are, under the evidence, without consideration and unenforceable, and that the court should have instructed the jury peremptorily to so find.

Judgment reversed, and cause remanded for further proceedings consistent herewith.