Kingsbury *et al v.* Gastrell's Estate.

[69 South. 661.]

1. Limitation of Actions. *Compensation of period of limitation. Death of debtor. Gifts. Acts constituting. Estoppel. Foreclosure.*

It is a general rule of the law, that where a cause of action against a person has not accrued at the date of his death, the general. statute of limitations does not commence to run until there is an administration of his estate, in the absence of legislation to the contrary.

2. Gifts. *Acts constituting.*

Where K. died intestate in 1901, owning a homestead upon which was a deed of trust securing notes of himself and wife, the last and all of which notes matured in October 4, 1903, G. the aunt of K's wife, shortly after all the notes reached maturity, purchased such notes, and stated to a third party, that she had bought them in order to save the homestead for K's wife and child and to give them a home; that the wife would never be able to pay them, and she would give them to her. G. died in 1913, leaving a will which made no reference to the notes, which were in her possession at the time of her death and were found among her valuable papers. In such case the holding of the chancellor that the notes were never given away by G. in her lifetime, was not manifestly wrong; the gift never having been consumated by delivery of the notes and a cancellation of the indebtedness.

. Estoppel. *Foreclosure.*

In such case G. if living would not have been estopped from foreclosing these notes, nor was her executrix estopped.

Appeal from the chancery court of Adams county. Hon. J. S. Hicks, Chancellor.
Petition of Maude E. Barton, executrix of Mrs. L. E.·

Gastrell, deceased, against Ruth S. Kingsbury and others to construe the will.

From a decree, Ruth S. Kingsbury appeals.

The facts are fully stated in the opinion of the court.

*Brandon & Brandon,* for appellants.

First: Said chancery court erred in its decree of August 2, 1913, in holding that the notes of Horace E. Kingsbury and Ruth S. Kingsbury in question are not barred by the statute of limitations.

In response to our contention the counsel for appellees will of course reply on the doctrine of *stare decisis.* We are taking this appeal with a full knowledge of the case law on the subject in point, and are asking this court to disregard the same and establish a new rule.

We are aware that the general rule of law, broadly stated, is that where a cause of action against a person has not accrued at the date of his death, the general statute of limitations does not commence to run until there is an administration on decedent's estate—in the absence of legislation to the contrary. And, on the other hand, if the cause of action accrued in decedent's lifetime, his death (in the absence of legislation to the contrary) does not suspend the running of the statute until administration is taken out. See 25 Cyc. 1278 (2), and 17 Cyc. 930, and note 53.

We are aware that this honorable court has theretofore recognized and followed the above rule in a number of cases. See: *Abbott* v. *McElory,* 10 S. & M. 100; *Bingaman* v. *Robertson,* 25 Miss. 501; *Pope* v. *Bowman,* 27 Miss. 194; *French* v. *Davis,* 38 Miss. 218; *Buckingham* v. *Walker,* 48 Miss. 609; *Sively* v. *Summers,* 57 Miss. 712; *Jennings* v. *Pearce,* 14 So. 318. If the court is unwilling to alter the rule hitherto followed, we are frank to admit that our first assignment of error is not good.

But what is the reason for the rule that the general statute of limitations does not begin to run in this and

similar cases until administration is taken out. Because, as laid down in Cyc., "until that time a cause of action has never accrued, there being no one who could be sued."

We suggest that this rule does not rest upon a sound foundation in Mississippi, because under our statutes, after the expiration of the first thirty days within which the next of kin has the prior right to apply for administration upon a decedent's estate, any creditor has a right to apply for and receive administration, or, if a creditor does not care to qualify himself, after sixty days he can ask that letters be granted to the county administrator. If a creditor, who is presumably the person most interested in the collection of his claim, chooses to sleep upon his rights, to abstain from taking steps to subject the decedent's estate to the payment of his claim, why should he be given the benefit of the rule which the courts have established, and which in this state does not rest upon any statutory provision, especially when in so many cases the application of the established rule, after the lapse of years, may (as in the present instance), work a hardship upon the dependent widow and children of the deceased, to the extent even of depriving them of a home.

As shown by the record, Horace Kingsbury died in 1901, and no administration was ever taken out on his estate. After the lapse of twelve years, in 1913, three promissory notes secured by mortgage on his home, came into the hands of the executors of his aunt, Mrs. Gastrell, who had purchased them from a former holder and with the intention of protecting his widow from that holder and in fact of giving them to her. Had Mrs. Gastrell desired to bring suit upon said notes or to subject the estate of Horace Kingsbury to the payment thereof, she could have qualified as his administratrix or had some one else do so. Even this was unnecessary in the present instance, for she could have foreclosed the deed of trust without administration.

Not one of our several statutes of limitations contains any provisions that it shall not operate for the benefit of the estates of decedents till administration is taken out. If our law-makers desired such restriction, would it not be embodied in the law? Is it not the fact that such restriction was not contemplated, and therefore the right of creditors to take out administration was given?

We therefore ask the court to consider in this case (as it has occasionally done in other cases), a departure from the doctrine of *stare decisis,* and a modification of the rule heretofore followed. We ask the court to hold that in this case and in further cases that creditors of decedents are chargeable with a reasonable amount of diligence in collecting their claims, and with the duty of availing themselves without unreasonable delay of the provisions of the law intended to enable them to do so; and to modify the established rule by holding that if a person dies owing a note or other debt which does not become due till after his death, that if some one has not already been appointed to administer the estate, yet nevertheless the statute of limitations commences to run immediately after thirty days from the date the note or debt became due—and for the reason that the creditor holding the note has the right to apply for and take out administration after thirty days from decedent's death, if those first entitled have not already done so.

The establishment of such rule would work a hardship on no one; it would obviate the hardship which often occurs, as in the present case; and we respectfully submit under the statutes of Mississippi would readily bear the test of the "rule of reason."

Upon second Assignment of Error.

Second:—The court erred in decreeing that said notes were never given by the testatrix, Mrs. Gastrell, to any one, but constituted a part of her estate at her death, and are now assets thereof.

This second suggestion of error presents a question of fact rather than of law. What was the manifest inten-

tion of Mrs. Gastrell, as disclosed by the record. Her nephew, Horace Kingsbury, died in debt, leaving notes secured by a deed of trust on his modest home. These notes were held by a stranger. They had not matured at the date of his decease. Subsequently Mrs. Gastrell purchased these notes, but not till after the last one had matured, after the time when Mrs. Merrick had a right to foreclose the deed of trust on the home. Why did Mrs. Gastrell purchase these notes? She told her brother, Mr. A. T. Gastrell, that she did it to save the home for Ruth Kingsbury (her nephew's widow) and his child Lucy—the namesake of Mrs. Gastrell. It is further admitted by the executors of Mrs. Gastrell, that in her lifetime she said she did not intend to enforce said notes and deed of trust, and that she intended to give up said notes and security. And when she died twelve years after the death of Horace Kingsbury, she had never attempted to collect the notes or to foreclose the deed of trust, and had never taken out any administration upon his estate. During all this time the widow and child of Horace Kingsbury, his sole heirs at law, continued and still continue to live in the little home he left, claiming it as theirs and feeling safe in its ownership and possession; and considering that their aunt, Mrs. Gastrell, had given them the debt thereon, and that they would never be disturbed.

But Mrs. Gastrell died, and her executors found the notes in question among her papers. They were not mentioned in her will, although that will goes into the most minute detail in disposing of all her property, both real and personal. Manifestly she did not consider these notes any longer as property to be disposed of by will. Manifestly she must have considered that her expression of purpose that she bought the notes for the protection of her nephew's widow and child, that it was her intention to give them the debt; her failure for so many years to foreclose the deed of trust or to take out administration on the estate of Horace Kingsbury; manifestly she must have

considered that all this constituted a gift of the indebtedness to those for whose benefit she purchased the notes.

We respectfully submit to the court that under the facts of the case our second assignment of error is good, and that had the learned chancellor not erred, he would 'have decreed that whilst physical possession of the notes was not parted with, that nevertheless Mrs. Gastrell 'had given and forgiven the debt unto her nephew's widow and child, and that at her death said notes did not constitute any part of her estate or the assets thereof.

*W. C. Martin,* for appellee.

The first assignment deals with the point as to whether the notes in question, and deed in trust securing them, were, or are, barred by the statute of limitations, or any statute of limitations.

That they are not barred is admitted by the candid brief on the other side—counsel there citing the several cases in our jurisprudence which have crystallized the law in Mississippi for these many years to the effect that unless a debt is due by a decedent at the time of his death no statute of limitations will run against it in favor of his estate until administration is had upon it—the plain reason being that until then no person is in being who could be sued by the creditor. Such being the law in this state, and having been so from the beginning, counsel ask this court to abandon the salutary rule of *"stare decisis,"* and overturn a settled rule of property in order that their client may escape payment of a debt which has, admittedly, never been paid, but against which the statute of limitations is invoked. We cannot conceive of the court's doing this. Counsel suggests that the rule does not rest upon a solid foundation in Mississippi, because a creditor, if others primarily entitled to administration fail to take out letters, has the legal right to apply for letters himself, and, if he does not do this, counsel further suggest, he has slept upon his rights, is guilty of laches, etc. If the law had formerly, when the decisions adverse

to their position were rendered, been such that creditors did not possess the right to sue out letters of administration upon the estates of their debtors, then there might, possibly, be something in the argument of counsel, but, unfortunately for him, that is not so. As far back as the year 1821 it was the law in this state that, after lapse of a certain time for action by those who were first entitled, a creditor could obtain administration upon the estate of his debtor by applying to the proper court.

See Chapter 49 of Hutchinson's Mississippi Code, section 54, on page 655—this chapter being a copy of an Act dealing with Testament and Administration, passed in November, 1821.

And the law has remained practically unchanged from that day to this—so that the supreme court, in all those cases cited by counsel for appellant as establishing the law against him, did so with full knowledge that a creditor could get administration if the relatives failed to do so. This disposes of the contention of appellants on the statute of limitations. Our jurisprudence upon the point is in line with that of other states and is decisive. The suggestion that this court would proceed to legislate upon this subject and establish by its decree an arbitrary period from which the statute should begin to run, to-wit: thirty days after the debt fell due, is somewhat startling to the legal mind; we submit that this suggestion would better be directed to the next session of the legislature than to this court, whose duty it is to construe, interpret and apply laws, not to make them. While the facts of this case may make it a "hard case," yet that does not justify a departure from settled law. Such was the opinion of the chancellor, now deceased, who rendered the opinion, or rather decree, from which the appeal is taken, and he was a man of singularly kindly nature. While appellants may be deprived of a home, yet it must be remembered that they have enjoyed the home for very many years, and that home was never paid for, apparently. Upon the second assignment of error—that the court

erred in holding that there never had been a gift of these notes and their mortgage security to any one by the testatrix—the record shows that appellants have no better case than on the first assignment. It is perfectly manifest that Mrs. Gastrell never gave these papers, or the debt they represented, to any one—she may have intended to do so but it rested there, in intention, and never was consummated by delivery of the debt, through the notes and deed in trust; on the contrary she kept these papers; they were found in her possession among her other papers. She did save the home for many years by purchasing the notes and mortgage, probably at a time when it would have been foreclosed had she not done so, but had she really given up the debt she would undoubtedly have turned over the notes to Mrs. Kingsbury and had the mortgage cancelled—she did not do this, but kept control of the entire debt until her death and then, no mention being made of it in her will, the notes became assets in the hands of the executors. However much Mrs. Gastrell may have said along the line of her intentions as to the notes and security, the evidence shows that there never was a gift *inter vivos;* at the most there was a purpose expressed to make a gift, but unfortunately the purpose was never effectuated by doing those things without which, in law, no gift was made. Mrs. Gastrell died, the owner of the notes. In this case it would be futile to attempt to read the mind of the testatrix and deduce an inference of a completed gift from the expression of an intention to make the gift. She kept the papers for years. She had every opportunity to give them up to Mrs. Kingsbury, she did not do so, and the necessary consequences follow: had she put these notes in possession of some one for the widow and child of her nephew, that would be sufficient, but that was not the case here. *Beaver* v. *Beaver,* 6 L. R. A. 403, and notes.

Mere intention to give is not a gift. *Ridden* v. *Thrall, Admr.,* 11 L. R. A. 684, footnote on page 685. 20 Cyc, page 1195, 4., also same book page 1193, C.

STEVENS, J., delivered the opinion of the court.

The executrices of the last will and testament of Lucy E. Gastrell, deceased, presented in the inventory and appraisement of the personalty of the estate, being administered upon in the chancery court of Adams county, certain promissory notes executed by H. E. and Ruth Kingsbury, payable to the order of the makers or bearer and indorsed by the makers and secured by deed of trust on the homestead of said H. E. Kingsbury. The inventory recites that:

"These notes are separate debts unless barred by the statute of limitations. H. E. Kingsbury, deceased, was the husband of said Ruth Kingsbury, and died before the maturity of any of said notes, and no administration has ever been taken on his estate. The notes are reported by the executrices, they having been found among the effects of decendent after her death, but said Ruth Kingsbury claims that said notes are barred."

The Ruth Kingsbury mentioned, widow of H. E. Kingsbury, deceased, and one of the joint makers of said notes, is also one of the executrices of the will.

Thereafter, the executrices presented a petition to the court asking for a construction of certain features of the will, setting forth the listing of said promissory notes and the objection or protest of said Ruth Kingsbury, and praying that process might be issued to the parties in interest and proper issues made up to determine whether the said notes belonged to the estate. This petition, furthermore, alleged that during the lifetime of said decedent, Lucy E. Gastrell, she stated that she did not intend to enforce collection of said notes and trust deed securing the same. The petition was answered by Mrs. Ruth Kingsbury individually and for her minor child, Lucy Gastrell Kingsbury; and thereupon the controversy was heard upon said petition, answer, and agreed statement of facts.

The inventory and petition represent that the notes in question were in the possession of decedent at the time of her death and were found among her valuable papers. The answer of Mrs. Kingsbury charged, among other things, that Mrs. Gastrell was guilty of laches in failing to foreclose said deed of trust securing the notes; that no administration was ever taken out upon the estate of H. E. Kingsbury, deceased; that at the death of her husband, H. E. Kingsbury, the mortgaged homestead descended to her and her minor child as their exempt home, and had been occupied by them as a home without any expectation on their part of ever having the said notes to pay. The agreed statement is as follows:

"It is admitted that said Horace E. Kingsbury died intestate on March 16, 1901, leaving as his sole heirs at law his widow, Mrs. Ruth Kingsbury, and their minor child, Lucy Gastrell Kingsbury; that the last and all of the notes in question reached maturity on October 4, 1903; that the three notes in question were purchased by her aunt, Mrs. Gastrell, from the former holder, Mrs. Merrick, on October 14, 1903, after all had reached maturity; that said notes were secured by deed of trust on the family residence and homestead of said Horace E. Kingsbury; that said property was inherited by his said wife and daughter as his sole heirs at law, and ever since his death has been used and occupied by them as a residence; that just after she purchased said notes said Mrs. Lucy E. Gastrell stated to her brother-in-law, Mr. A. T. Gastrell, that she had bought the notes on Horace's home in order to save it for Ruth and Lucy, and that she bought them to give them a home, and that Ruth would never be able to pay the notes, and she would give them to her."

The will of Mrs. Gastrell, who died January 21, 1913, made no reference whatever to these notes.

The chancellor decreed that the notes were not barred by the statute of limitations, and that the testatrix had not, as a matter of fact, given the notes to any one; but

the same constituted a part of her estate at her death, and the executors were ordered to deal with the same as assets. This appeal is from the decree of the chancellor so holding.

Counsel for appellants frankly concede the general rule of law that, where a cause of action against a person has not accrued at the date of his death, the general statute of limitations does not commence to run until there is an administration of his estate, in the absence of legislation to the contrary. They ask that we disregard the previous holdings of this court on this question and to establish a new rule. Our court in as early a case as that of *Abbott* v. *McElroy*, 10 Smedes & M. 100, through Chief Justice SHARKEY, declared the rule in unmistakable language as follows:

"But, if the debt was not due at the time of his death, the statute does not begin to run until there is an administrator, because until then a cause of action has never accrued, there being no one who could be sued."

This holding has been reaffirmed in repeated decisions of our own court; and the legislature, with full knowledge of these decisions, had not seen fit to enact a new rule. Our present statute of limitations must therefore be construed in the light of the many decisions of our court. The principle is now too thoroughly embedded in the jurisprudence of our state to be changed by what would be more properly termed "judicial legislation."

Under our liberal statutes the next of kin or any creditor, after the expiration of thirty days from the death of any party whose estate should properly be administered upon, has the right to force administration; and if the beneficiaries of the estate, charged primarily with the duty of seeing that the estate is lawfully administered upon, elect to use the property of the estate and to refrain from taking steps toward the payment of just debts under the supervision of the proper tribunal, they are then in no attitude, in our judgment, to complain of any hardship occasioned by many years of delay.

The second assignment of error complaining of the decree of the chancellor holding that the said notes were never given away by the testatrix in her lifetime presents a question of fact rather than of law; and upon the pleadings and facts we are not prepared to hold that the chancellor was manifestly wrong. The gift was never consummated by delivery of the notes and a cancellation of the indebtedness.

There is likewise no merit in the contention on the third assignment of error that Mrs. Gastrell herself would be estopped to foreclose the deed of trust were she living or that her executrix is now estopped. It is possible that the purchase of these notes by Mrs. Gastrell, the aunt of Mrs. Kingsbury, operated to secure these debtors in the use and enjoyment of their home for a number of years.

*Affirmed.*