## Woods *v.* Sturges et al.

[77 South, 186, Division A.]

Rights. *Promissory notes. Gifts inter vivos. Validity.*

Where a testator executed a demand note which was intended to evidence a mere gratuity, and delivered it to the payee, but such note was not in fact intended to be paid and was not paid before the maker's death, such a note cannot be upheld as a gift *inter vivos.*

Appeal from the chancery court of Lauderdale county. Hon. G. C. Tann, Chancellor.

Bill by R. W. Sturges and another, executor of the estate of Theodore Sturges, deceased, against H. J. Woods, to cancel a promissory note. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

Notes, the payment of which are contingent on the. termination of a life, have been held to import a consideration, where this was questioned. Cases involving this class are here included as having weight in determining the negotiability of such notes, although it was not discussed. One feature of negotiability is that the paper imports a consideration. *Safford* v. *Graves,* 56 Ill. App. 499; *Shaw* v. *Camp,* 61 Ill. App. 62, 160 Ill. 425, 43 N. E. 608; *Hathway* v. *Roll.* 81 Ind. 567; *In re Simmons,* 48 Misc. 484, 96 N. Y. Supp. 1103; *Root* v. *Strong,* 77 Hun. 14, 28 N. Y. Supp. 273; *Giddings* v. *Giddings,* 51 Vt. 233, 31 Am. Rep. 682; *Yarwood* v. *Trusts & Guarantee Co.,* 94 App. Div. 47, 87 N. Y. Supp. 947; *Banker* v. *Coons,* 40 App. Div. 573, 58 N. Y. Supp. 47.

It may be of interest to group other cases, where similar notes were held valid, but which do not pass on the question of negotiability of the instrument, because this was not raised in the issue in the cases. *Carrigus* v. *Home Frontier & Foreign Missionary Soc.,* 3 Ind. App. 91, 50 Am. St. Rep. 262, 28 N. E. 1009; *Putnam* v. *Lincoln Safe Deposit Co.,* 191 N. Y. 166, 83 N. E. 789; *Carnwright* v. *Gray,* 127 N. Y. 99, 12 L. R. A. 845, 24 Am. St. Rep. 425, 27 N. E. 835; *Wolfe* v. *Wilsey,* 2 Ind. App. 549, 28 N. E. 1004; *Maze* v. *Baird,* 89 Mo. App. 352; *Murray* v. *Cazier,* 23 Ind. App 600, 53 N. E. 476, 55 N. E. 880; *R. E. Todd,* 47 Misc. 35, 95 N.Y. Supp. 211, a note; *Barnett* v. *Franklin College,* 10 Ind. App. 103, 37 N. E. 427; *Robinson* v. *Foust,* 11 Ind. App. 189, 99 St. Rep. 269, 68 N. E. 182; *Huguley* v. *Lanier* 86 Ga. 640, 22 Am. St. Rep. 487, 12 S. E. 922; *Randall* v. *Grant,* 59 App. Div. 485, 69 N. Y. Supp. 221; *Carter* v. *King,* 11 Rich. L. 131; *Hamilton* v. *Hamilton,* 127, App. Div. 871, 112 N. Y. Supp. 10; *Alexander* v. *Follet,* 5 N. H. 499.

*S. R. Bourdeaux* and *A. S. Bozeman,* for appellee.

The appellant in this case is not a legatee because he is not mentioned in the will. He is not a creditor because he admits that the deceased owed him nothing. He does not pretend to be anything but a donee of the deceased. His pretended gift was not of any specific property, but merely an executory promise to give. The last will and testament as executed is effective and since the death of Mr. Sturges, is irrevocable. As long as this will stands unimpeached, it effectively disposes of Mr. Sturges' property and we repeat that the appellant is not named therein.

With all the respect to learned and eminent counsel on the other side, we submit that the one and only question involved in this case is whether or not the promissory note of a donor is the subject of a gift that can be enforced by the donee against the donor, or against his estate after his death, and we further confidently submit that this one and only question has been settled beyond all peradventure or doubt. See 3 R. C. L., page 937, sec. 133, and numerous authorities therein cited; see 20 Cyc. 1211 and 1240, and numerous cases therein cited; see 14 American and English Encyclopedia of Law (2 Ed.), pages 1030 and 1063 and numerous cases therein cited; see *Sullivan* v. *Sullivan,* 92 S. W. 966, 7 L. R. A. (N. S.) 156 and copious note thereunder.

There are so many cases cited to this point that we will not further burden this brief by citing them. Every set of selected cases has so called leading cases to this point with copious notes. The case above cited, *Sullivan* v. *Sullivan,* is one of the cases. We respectfully and confidently submit that a close scrutiny and careful analysis of all the reported cases on this point shows that there is no modern authority which takes the contrary view.

Construing this record and all reasonable inferences therefrom in its most favorable aspect for the appellant, the most that can be said for him is that Mr. Sturges promised to make him a gift of five thousand dollars in so

far as the obligation of the promise is concerned, this note was no more obligatory than a mere oral promise by Sturges. Sturges did not make a voluntary conveyance to Woods of certain lands. Sturges did not transfer to Woods stock or bonds. Sturges did not deliver to Woods any money. Sturges did not give or deliver to Woods any property of any kind whatsoever. To constitute a gift there must necessarily be a subject of the gift. Woods has absolutely no claim to any specific property in the hands of the executors. He does not say that Mr. Sturges has given anything, but merely that he promised to give him something.

Under the solemnities of the law, by last will and testament, Sturges actually and effectively gave all the property that he died seized and possessed of to persons other than Woods. The gifts by Sturges to the devisees under the will are executed and irrevocable. Executed gifts take precedence over executory promises to give. As long as the integrity of the last will and testament is not impeached, the right, title and interest of the devisees thereunder in and to the property that Sturges died seized and possessed of cannot be defeated, or in any wise affected, except by the just claims of creditors. To enforce Sturges' alleged executory promises to Woods would necessarily, to that extent, nullify the will and thwart the executed intentions of Sturges, expressed in a way sanctioned by law.

Stevens, J., delivered the opinion of the court.

This appeal presents for decision the validity of a promissory note in the sum of five thousand dollars, executed by one Theodore Sturges in his lifetime, payable to appellant, H. J. Woods, upon demand. Appellant married the daughter of Theodore Sturges, but the daughter predeceased her father, who, in disposing of his estate, left

a valid last will and testament which has been duly probated, and by which he devises and bequeaths his entire estate to his three living children and two grandchildren. His son, R. W. Sturges, and R. M. Bourdeaux, appellees herein, were appointed executors. The executors duly qualified, and as such instituted this suit in the chancery court of Lauderdale county, praying the cancellation and delivery up of the promissory note held by Mr. Woods. The bill charges that the note was executed without consideration, and evidences an unexecuted gift for five thousand dollars. Conceding for the purpose of this statement the competency of Mr. Woods as a witness, it appears from the testimony taken before the chancellor that the testator, Theodore Sturges, many years ago stated to Mr. Woods that he (Sturges) desired to make Woods a gift, but in doing so he preferred not to mention or provide for the gift in his will, and requested Mr. Woods to consult an attorney to determine whether the gift could be made in the form of a promissory note. It appears from Mr. Woods' testimony that he then accepted the note as a gift. The original note was executed about 1909, and in 1915 the testator executed and delivered a renewal note payable upon demand. The renewal note was executed in January, 1915, and in December following Sturges duly executed his will. The will makes no mention of the Woods note or of any gift to Woods. After notice was published to creditors to probate claims, Woods filed his note with the chancery clerk and had the same registered and allowed. There is proof tending to show that after the death of the testator Mr. Woods admitted that his note was without consideration and invalid, and that he promised not to probate it. After its probate the executors exhibited a bill in this case to enjoin appellant from assigning or pledging the note to a third party and to cancel the same. There is a controversy be-

tween the parties as to the competency of appellant as a witness, but the law point determinative of this case renders unnecessary a discussion of any question save the one considered below. The chancellor decreed in favor of the complainants in the court below and disallowed appellant's claim.

The most that could be said for appellant's case is that Mr. Sturges, the testator, executed a demand note; that this demand note was intended to evidence a mere gratuity; that the note was duly delivered by the maker to the payee, but was not in fact intended to be paid, and was not paid, before the maker's death. Can the note, therefore, be upheld as a gift *inter vivos?* The authorities answer this question in the negative. In the case note to *Sullivan* v. *Sullivan,* 122 Ky. 707, 92 S. W. 966, 7 L. R. A. (N. S.) 156, 13 Ann. Cas. 163, it is stated:

"The weight of authority at the present time has established as a general rule of law that one cannot make his own promissory note the subject of a gift to such extent that it can be enforced by the donee against the donor in the latter's lifetime, or against his estate after his death."

This was the conclusion reached by the Kentucky court in the Sullivan Case, there reported, and this conclusion is supported by numerous authorities cited in the footnote. One of the leading cases is *Parish* v. *Stone,* 14 Pick. (Mass.) 198, 25 Am. Dec. 378, where the court, by Shaw, C. J., very pointedly and accurately says:

"It was simply a promise to pay money, and as such, and as a gift of a sum of money, it wants the essential requisite of an actual delivery."

There is a subsequent case note on checks and promissory notes as a subject of gift in 27 L. R. A. (N. S.) 308, and in this note the maker's own check is placed

in the same category as a promissory note. The authorities are abundantly collated in this note, and are against the contention of appellant in the present case. Counsel have not brought to our attention any decision of our own court where an alleged gift in the form of the maker's own note has been considered. But the spirit and trend of our decisions point to the general rule, and place this court within the spirit of the case just referred to. In *Meyer* v. *Meyer,* 106 Miss. 638, 64 So. 420, the general rule that a gift must be completed by actual delivery was announced, and it was expressly held that profits from business credited upon the books to the sons of one of the partners, but not actually paid over before death, could not be claimed as a gift; there being no delivery of the profits. It was there stated that:

The entry of the credit upon the books kept in the business "constitutes, at most, nothing more than a written evidence of the promise; and the written promise or declaration of an intention to give is no more valid or binding than a verbal one. It is simply easier to prove."

That is the case here. The note relied upon is a written promise by the maker to pay appellant five thousand dollars. The promise was never executed, and indeed was not intended to be complied with, until after the maker's death, although the maturity of the note was on the face thereof stated to be "on demand." The same reasoning is employed in *Kingsbury* v. *Gastrell's Estate,* 110 Miss. 96, 69 So. 661, where the court uses this expression:

"The gift was never consummated by delivery of the notes and the cancellation of the indebtedness."

See, also, 3 R. C. L. p. 937, section 133, and authorities cited; 14 Am. & Eng. Enc. of Law (2 Ed.), 1030 and 1063.

The cases relied upon by appellant presented instances where there was a voluntary conveyance of land or other property by the deceased in his lifetime, absolute conveyances, and delivery of property. In the case at the bar Mr. Woods lays no claim to any specific property conveyed to him, and he is in no wise named in the will as one of the beneficiaries. To enforce now the unexecuted promise of the testator to pay appellant a sum of money would necessarily reduce the estate and take from the devisees that which by solemn will has been expressly devised them.

There is no merit in any of the assignments of error, and the decree complained of is affirmed.

*Affirmed.*