[Civ. No. 3192.   Second Appellate District, Division Two.—April 12, 1920.]

W. S. EDWARDS, Respondent, v. GUARANTY TRUST & SAVINGS BANK (a Corporation), Executor, etc., Appellant.

[1] Gifts—Giving of Check—Nonacceptance by Drawee.—A check, given to the payee as a gift, and presented to the drawee prior to the death of the drawer, and not accepted or paid prior to such death, but payment of which was rejected for any or no reason, does not constitute a valid gift *inter vivos* or a gift *causa mortis*.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.   Reversed.

The facts are stated in the opinion of the court.

Vincent B. Vaughan and Lewis Cruickshank for Appellant.

F. A. Knight for Respondent.

THOMAS, J.—This is an action brought by plaintiff against defendant as executor of the estate of Benjamin Lezer Liveson, deceased, on a "rejected claim," evidenced by a check given to plaintiff by the deceased on February 28, 1916, in the sum of four thousand dollars, and intended as a gift to plaintiff.

From the record it appears that on March 2, 1916, the plaintiff deposited the check in question with the National Bank of Long Beach for collection; that on March 3, 1916, the check was presented to the bank on which it was drawn, and in which it is conceded the deceased had on deposit a sum approximating nine thousand dollars, and by said bank payment thereof refused, the check being returned marked

1.   Check as subject of gift by maker, notes, 26 **Am. Rep.** 684; 18 **L. R. A.** 855; 27 **L. R. A. (N. S.)** 308; **L. R. A.** 1918C, 340.

Check as valid gift *inter vivos*, note, Ann. Cas. 1912A, 330; as valid gift *causa mortis*, note,   10 **Ann. Cas.** 475.

"signature incorrect"; and that on March 4, 1916, Liveson, the drawer, died.

The case was tried by the court without a jury, and findings and judgment were in favor of the plaintiff as prayed for. The appeal is from the judgment so entered, on the judgment-roll alone. [1] There is just one point, and that one of law, in this case. The question with which we are here confronted is: Can a check, given to the payee as a gift, and presented to the drawee prior to the death of the drawer, and not accepted or paid, but payment of which was rejected for any or no reason, constitute a valid gift *inter vivos* or a gift *causa mortis?*

So far as material here, the court found as follows: That the deceased executed and delivered the said check as already stated; that at the time of the execution thereof deceased had a sum in excess of eight thousand dollars in the drawee bank, known as a "term account"; that the bank-book evidencing such account, in the possession of deceased at and prior to the time of his death, showed "that the bank reserved the right to require on term deposits six months' notice of intention to withdraw"; that said bank refused to pay the check, giving as the sole and only reason for such refusal the fact that the signature of said Liveson on said check was "incorrect"; that said bank waived the provisions requiring six months' notice of intention to withdraw from the funds of the said Benjamin Lezer Liveson, and waived the presentation of the pass-book; that the refusal to pay said check was not caused by any malicious intent of the defendant; and that said signature on said check was not incorrect.

As already intimated, the proposition which confronts us on this appeal is, whether, under the record here, the intended gift to plaintiff had become complete before the drawer's death, or whether it was merely inchoate. If the transaction between them constituted a completed gift, the money represented by the check—it being conceded here that the drawer had sufficient funds to his credit in the bank to meet the check—belonged to the plaintiff, and, under the facts found, and under this assumed state of facts, it became and was the legal duty of the bank, with respect to the drawer of the check, at least, to honor the same when so presented, although even if, for our present purpose, it

be conceded that there was no liability on the part of the bank to the holder of the check. On the other hand, if the gift had not been perfected, but was incomplete at the time of the drawer's death, the money in the bank belonged to the estate of decedent, and descended to his heirs. Under this latter assumption the plaintiff cannot recover.

Counsel for respondent in his brief says: "We do not know of any case in the United States, and we have looked carefully, where the point involved in the case at bar has been decided." We, too, have looked, and have, we think, found much law in opposition to the position taken by respondent here. In the case of *Provident Institution for Savings* v. *Sisters of the Poor, etc.*, 87 N. J. Eq. 424, [100 Atl. 894], the court of chancery of New Jersey had before it a case in its material aspects very similar to the case at bar. Mrs. Bowdoin, an old lady, eighty-six years of age, had died in the hospital. The day before her death she gave a check to the defendant in that case for three thousand dollars. On the same day the check was given it was presented at the bank upon which it was drawn, and payment was refused, not absolutely, but until investigation could be made. The old lady died the next day, and before any further efforts to collect the check were made. The court in that case—which is a well-considered case, and very illuminating and instructive—among other things said: "It is well settled that a gift cannot be effected by the delivery of a check upon an ordinary bank of deposit when the drawer's account is good for the amount. The reason is that until the check is cashed the drawer may stop payment. In such a case the donative purpose may be absolute when the check is given, and ten minutes, or ten hours, or ten days later, at any time before the check has been cashed, such donative purpose may be wholly changed and abrogated. The fundamental principle of the law of gifts is that the gift, to be effective, must place the thing donated beyond the control of the donor. Where a check on a bank of deposit is given for value, it often operates as an equitable assignment, but such is not the case where a check is given to the payee as a pure donation. . . . It cannot be questioned in this case that if Mrs. Bowdoin had given a check on an ordinary bank of deposit, no gift would have been effected until the check had been cashed. Nor does

it make any difference what may delay or prevent the check from being cashed.'' We are in full accord with this reasoning and the conclusion reached. (See note, L. R. A. 1918C, 340; *Foxworthy* v. *Adams* (Ky.), 27 L. R. A. (N. S.) 308; *Estate of Taylor* (Pa.), 18 L. R. A. 855.) Until the money was actually paid over or transferred from Liveson's account to that of the plaintiff by the drawee bank, the gift, whether it be regarded as *inter vivos* or *causa mortis*, would be revocable, and after the death of Liveson the whole transaction would have stood legally as an incomplete gift, entirely unenforceable, at law or in equity. (*Provident Institution for Savings* v. *Sisters of the Poor, etc., supra.*) ''To constitute a valid gift *inter vivos*, the purpose of the donor to make the gift must be clearly and satisfactorily established, and the gift must be complete by actual, constructive or symbolical delivery, without power of revocation.'' (20 Cyc. 1193.) In order to accomplish this, ''there must be a parting by the donor with all present and future legal power and dominion over the property.'' (20 Cyc. 1196; *Tracy* v. *Alvord*, 118 Cal. 654, [50 Pac. 757] ; *Pullen* v. *Placer County Bank*, 138 Cal. 169, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83] ; *Simmons* v. *Savings Society*, 31 Ohio, 457, [27 Am. Rep. 521].) That the law of this state is as stated in the Provident case, *supra*, will be seen by a perusal of that and the other cases cited therein, citing and quoting from the California cases at length.

As the result, therefore, of our own independent search, we are confident that ''the great weight of authority supports the proposition that one cannot make his own check . . . the subject of a gift, so that, in the absence of payment, it can be enforced against the donor or his representatives.'' (*Foxworthy* v. *Adams, supra,* and note thereunder.)

It may be conceded that the record here discloses sufficient facts so that we may infer that it was really the intention of the deceased to make a gift of the money on deposit in the bank, to the extent of four thousand dollars to plaintiff. Still, as was said in the case of *Noble* v. *Garden*, 146 Cal. 225, [2 Ann. Cas. 1001, 79 Pac. 883], ''however much we may desire to carry out the intention of the deceased, we cannot do so in this case, because the effect would be to hold valid an oral testamentary disposition of his property,''

which, under the authorities, as we have seen, cannot legally be done.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 10, 1920.

All the Justices concurred.