[Civ. No. 3209.   Second Appellate District, Division Two.—July 30, 1920.]

## W. S. EDWARDS, Appellant, v. GUARANTY TRUST & SAVINGS BANK (a Corporation), Respondent.

[1] BANKS AND BANKING — RELATION OF BANK TO DEPOSITOR — REFUSAL TO PAY CHECK—RIGHT OF PAYEE.—A bank occupies the position of debtor to its depositors; and a check drawn against an account is only a direction to pay the amount thereof to the payee. No contractual relation with the payee, or legal obligation to him, is created by the signing of the check, and refusal to cash the check does not give rise to a cause of action in favor of the person to whom it is made payable.

[2] ID.—REFUSAL TO CASH CHECK—RIGHT OF PAYEE TO RECOVER DAMAGES—PLEADING AND PROOF.—Before the payee of a check can recover damages from the bank on which it was drawn because of the latter's refusal to cash the check, he must allege and prove that the bank committed some unlawful act which resulted in injury to his person or property; and an allegation to the effect that the bank prevented him from becoming the beneficiary of the depositor's bounty, the check having been intended as a gift, does not show that he suffered any loss of property by the bank's action in refusing to cash the check.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Knight for Appellant.

Lewis Cruickshank and Vincent B. Vaughan for Respondent.

WELLER, J.—This appeal from a judgment in favor of the defendant is taken on the judgment-roll. The basis of the action was a check for four thousand dollars, drawn on the defendant bank by one B. L. Liveson on February 28, 1917, payable to the plaintiff, and intended as a gift to him of the amount mentioned. On March 2, 1917, plaintiff deposited this check in his bank at Long Beach, and on the following day it was presented to the defendant bank for payment, which was refused. Liveson died on March 4, 1917, and the check was never honored by the bank.

The complaint, as originally framed, contained three counts: (1) based upon the alleged refusal of defendant to pay the check without any cause or reason; (2) alleging that the defendant, for the purpose of defeating the gift and maliciously preventing the said B. L. Liveson from accomplishing his desire to give the money to plaintiff, and for the purpose of keeping the amount in the estate of Liveson in order that the defendant, as executor of his will, might receive larger fees for administering the estate, refused to pay the check, to the damage of plaintiff in the sum of four thousand dollars; and (3) for money had and received from B. L. Liveson for the use and benefit of the plaintiff. The complaint also contains an allegation that the three causes of action arise out of the same transaction, and are connected with the same subject matter. A demurrer was interposed to each cause of action set forth, and sustained as to the first two counts without leave to amend. Issue was joined on the third count, and, after trial, the facts were found in favor of the defendant, and judgment entered accordingly.

The sole contention of appellant is that the court erred in sustaining the demurrer to the second cause of action

on the theory that, because the defendant maliciously prevented him from receiving the gift, plaintiff is entitled to recover the amount of the attempted donation from the defendant as damages.

In the case of *Edwards* v. *Guaranty Trust & Savings Bank,* 47 Cal. App. 86, [190 Pac. 57], we held that, as the check involved in this controversy was not cashed prior to the death of Liveson, the attempted gift was not completed by delivery, and that, therefore, the payee could not recover the amount from the estate of the donor.

[1] A bank occupies the position of debtor to its depositors; and a check drawn against an account is only a direction to pay the amount thereof to the payee. No contractual relation with the payee, or legal obligation to him, is created by the signing of the check, and refusal to cash the check does not give rise to a cause of action in favor of the person to whom it is made payable. (*Pullen* v. *Placer County Bank,* 138 Cal. 169, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83].)

A gift is the voluntary transfer, without consideration, of personal property, and becomes effective only on delivery. (Sec. 1147, Civ. Code.) Until the purpose of the donor is carried into execution by a delivery of the subject of the gift, no interest vests in the donee. (*Knight* v. *Tripp,* 121 Cal. 674, [54 Pac. 267].) The mere privilege to be the recipient of a gift is common to all, and cannot be possessed or used to the exclusion of others; hence, it does not constitute property capable of ownership.

[2] Before the plaintiff can recover damages herein, he must allege and prove that the defendant has committed some unlawful act which has resulted in injury to the person or property of the plaintiff. The only allegation in the count under consideration is to the effect that defendant prevented plaintiff from becoming the beneficiary of Liveson's bounty; and it is thus made to appear that plaintiff suffered no loss of property by defendant's action in refusing to cash the check. The demurrer was therefore properly sustained.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.