## IN RE ESTATE OF JACOB KNAPP.

MARTHA A. BRISSLER, Appellant, v. L. V. RUSSELL, Executor, Appellee.

GIFTS: Check as Gift—Nonenforcibility. A check executed and delivered without consideration and payable a specified number of days after the death of the drawer is nonenforcible against the estate of the latter.

*Appeal from Dallas .District Court.*—W.. G. VANDER PLOEG, Judge.

FEBRUARY 5, 1924.

.. Action to establish a claim against the estate of decedent. The opinion states the facts. Jury was waived with consent of the parties, and the cause tried to the court. Plaintiff's petition was dismissed, and judgment entered against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Burton Russell,* for appellant.

*White & Clarke, D. H. Miller,* and *E. W. Dingwell,* for appellee.

DE GRAFF, J.—One Jacob Knapp executed and delivered to his daughter, Martha A. Brissler, a writing, to wit:

"Linden, Iowa
Sept. 9, 1919, No.———
THE LINDEN BANK     72-1425
Pay .to the order of Martha A.. Brissler .............$1,000.00
Difference in the 40 a.   Due 10 days after death.
                                      J. Knapp."

The instrument was delivered without consideration, and subsequently to the maker's death the payee made presentment to the Linden Bank, and payment was refused by reason of insufficient funds in the account of Jacob Knapp. This was its privilege. Thereupon the payee made demand upon L. V. Russell, executor of the will of Jacob Knapp, for payment, which was also refused. Plaintiff then filed her petition and claim in probate against the estate of Jacob Knapp, and upon the hearing thereon the trial court disallowed the claim and dismissed the petition. This appeal involves the correctness of the ruling. If the claim as filed is not allowable, what is the legal reason?

Viewing the instrument as a check, it is clear that the payee has a right to sue thereon, and if no legal defense is shown, a recovery may be had.

The instant writing has the earmarks of a negotiable instrument. The statement of the transaction giving rise to the instrument does not affect its negotiability. Section 3060-a3, Code Supplement, 1913. It contains negotiable words, is payable in money unconditionally and at a time certain, in the sense that it is payable on an event certain to happen. Section 3060-a1, Code Supplement, 1913. The fact that such an instrument may have a speculative value in the domain of business and banking, and may be wholly unsuited for the purpose of negotiable instruments, as an adjunct to money, is not a controlling consideration. One further proposition may be noted before passing to the determining question in this case. A check *per se* does not operate as an assignment of the funds in the hands of the drawee bank available for the payment thereof, and the drawee is not liable thereon unless and until it accepts or certifies the same. Section 3060-a189, Code Supplement, 1913. Before the enactment of the Uniform Negotiable Instruments Law, a minority of the states held that a check made the payee or holder the assignee of a sufficient portion of the drawer's account to pay the check. Under this rule, the bank, on being notified of the check, was liable directly to the holder to pay it, if the drawer's account was sufficient to meet it. This court recognized the minority rule. *Roberts v. Corbin & Co.*, 26 Iowa 315. Our present Negotiable Instruments Law recognizes and prescribes the majority rule, and a check *per se* is not an assign-

ment of the fund. The statute (Code Section 3060-a127, Code Supplement, 1913) also enacts the rule prevailing in common law that a bill of exchange does not operate as an assignment.

Was the check in question a gift enforcible by the donee against the donor, either in the latter's lifetime or against his estate after his death? Under the facts, we have no hesitation in saying that the check constituted a gift. It was without consideration, and was purely voluntary on the part of the donor. The great weight of authority holds that the voluntary promise of a donor to pay money in the future constitutes a gift which is not complete until the money is paid. The giving of a check without consideration is not the immediate voluntary transfer of the money, but simply a promise to pay the money, and, being a promise without consideration, it cannot be enforced. It is not a valid gift *causa mortis*, for the reason that there must be an actual subject-matter capable of passing by delivery, and an actual delivery of the check in contemplation of death. As a gift *inter vivos*, it did not constitute an assignment of the funds in the bank to the credit of the drawer. In the recent case of *Edwards v. Guaranty Tr. & Sav. Bank*, 48 Cal. App. 787 (192 Pac. 324), a check for $4,000 was drawn on the defendant bank by one Liveson on February 28, 1917, payable to the plaintiff and intended as a gift to him of the amount mentioned. On March 2, 1917, plaintiff deposited this check in his bank at Long Beach, and on the following day it was presented to the defendant bank for payment, which was refused. Liveson died on March 4, 1917, and the check was never honored by the bank. It was held that, as the check was not cashed prior to the death of Liveson, the attempted gift was not completed by delivery, and therefore the payee could not recover the amount from the estate of the donor. The opinion reads:

"A bank occupies the position of debtor to its depositors; and a check drawn against an account is only a direction to pay the amount thereof to the payee. No contractual relation with the payee, or legal obligation to him, is created by the signing of the check, and refusal to cash the check does not give rise to a cause of action in favor of the person to whom it is made payable. * * * A gift is a voluntary transfer, without consideration, of personal property, and becomes effective only on de-

livery. * * * Until the purpose of the donor is carried into execution by a delivery of the subject of the gift, no interest vests in the donee. * * * The mere privilege to be the recipient of a gift is common to all, and cannot be possessed or used to the exclusion of others; hence, it does not constitute property capable of ownership.''

In *Basket v. Hassell,* 107 U. S. 602, a check was executed and delivered to the plaintiff, payable upon the death of the drawer. The court said:

''The property in the fund did not presently pass, but remained in the donor, and the donee was excluded from its possession and control during the life of the donor. That qualification of the right, which would have belonged to him if he had become the present owner of the fund, establishes that there was no delivery of possession, according to the terms of the instrument, and that as the gift was to take effect only upon the death of the donor, it was not a present executed. gift *mortis causa,* but a testamentary disposition.''

The following cases support the doctrine herein announced, and control the material question in this case: *Foxworthy v. Adams,* 136 Ky. 403; *Pullen v. Placer County Bank,* 138 Cal. 169 (94 Am. St. 19, with note); *Sullivan v. Sullivan,* 122 Ky. 707 (92 S. W. 884, 966, 7 L. R. A. [N. S.] 156, with note); *Johnson v. Colley,* 101 Va. 414 (99 Am. St. 911).

We conclude therefore that, under the record facts, the check did not constitute a valid gift *causa mortis* or *inter vivos,* and clearly it has no validity as a testamentary disposition of property. The judgment entered by the trial court is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.