INEZ TAYLOR et al. v. STATE.

No. A-5756. Opinion Filed April 23, 1927.
(255 Pac. 588.)

Geo. H. Giddings, Sr., for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Canadian county on a charge of unlawfully transporting intoxicating liquor, and each sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail.

Briefly stated, the record discloses that at the time charged defendants Inez Taylor and Will Taylor lived at Chickasha. These two defendants, in a Buick automobile owned by Inez Taylor, with two other persons, all negroes, drove from Chickasha to El Reno and the two persons with them left the car, and they were joined by two others, one of them "Pappy" Stevenson, who was jointly charged. They then drove to the aviation field. According to Stevenson, who became a witness for the state, they had a fruit jar containing some whisky in the car, and all of them drank of it. When they got to the aviation field, they were quarreling and were backing their car backward and forward and were arrested by an officer who took them to the police station. While this officer was on the running board, Stevenson unscrewed the top of the fruit jar, kicked it over, and the whisky ran over a sweater, and at the police station the Officer Gray squeezed a small quantity out of the sweater. On the way to the police station two of the other negroes in the car got into a drunken altercation, and one shot the other in the back of the head. These two defendants got out of the car and left, but later returned to the police station to reclaim the car and were arrested on the charge of being drunk, and later this charge was filed.

Complaint is made that the information is insuffic-

ient because it fails to allege from what point the liquor was transported to the place where it was found, citing De Graff v. State, 2 Okla. Cr. 519, 103 P. 538; Sturgis v. State, 2 Okla. Cr. 326, 190 P. 57: Brown v. State, 4 Okla. Cr. 13, 115 P. 603.

The information upon this point alleges that defendants transported intoxicating liquor:

" * * * From a point unknown to a point in Canadian county, state of Oklahoma, described as follows, to wit, to a point on the postal highway near the city of El Reno, just opposite the colored cemetery, to the east of same on that portion of the said highway, between sections 15 and 16, in township 12, range 7 W. * * *"

Where the place from which the liquor is transported is to the county attorney unknown, he may so allege the place of origin as unknown, and the allegation will be sufficient.

It is next contended that the court erred in admitting evidence of the difficulty in the car shortly after the defendants were arrested, and while on their way to the police station. This evidence was later stricken out by the court, and the jury admonished to disregard it. This might be competent as showing the party to be intoxicated and that the arrest was legal, but, whether competent or not, it is not prejudicial since the defendants received only the minimum punishment for the offense charged.

It is also argued that the witness Anderson is an accomplice, and that there is not sufficient corroboration of his testimony. According to the testimony of this witness, defendants and their companions had this whisky in the automobile at the time he joined the party, and he had no part in the transporting. According to the testimony of defendant Will Taylor, the whisky

was procured by witness Stevenson and brought to the car when the arrest was made, and defendants did not transport it. The defendant Inez Taylor did not testify. Neither under the evidence of the witness Stevenson nor defendant Will Taylor was the witness Stevenson an accomplice of defendants in the transporting. The evidence presented a question of fact for the jury. If the witness Anderson were an accomplice, there was sufficient independent evidence tending to connect defendants with the offense charged. We see no reason to disturb the verdict.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.